# Case No. 727.

### In re BAILEY.

[15 N. B. R. 48.]

District Court, D. Massachusetts. Nov. 6, 1876.

BANKRUPTCY—AFFIDAVIT TO SCHEDULE — POWERS OF NOTARY.

[Though Rev. St. § 5017, requires the schedule of a bankrupt to be verified by oath before a district judge, register, or commissioner, a verification before a notary is sufficient, under Act Aug. 15, 1876, (19 Stat. 206, c. 304,) em-

powering notaries to take affidavits in the same manner and with the same effect as commissioners.]

In bankruptcy.

Petition by creditors of the bankrupt setting forth that the schedules filed by Bailey were not properly verified, because they were not sworn before the district judge, or a register, or a commissioner, but before a notary public, and asking that an order might be entered requiring Bailey to verify the schedules according to law.

F. Dabney, for petitioning creditors.

H. W. Suter, for bankrupt.

W. E. L. Dillaway, for creditors against the petition.

LOWELL, District Judge. This petition is denied, because the statute of 15th August, 1876, (19 Stat. 206, c. 304,) gives authority to notaries public to take depositions and do all other acts in relation to taking testimony to be used in the courts of the United States, and to take acknowledgments and affidavits in the same manner and with the same effect as commissioners of the circuit court. Rev. St. § 5017, requires the schedule and inventory to be verified by the oath of the petitioner before a district judge, register, or commissioner; and section 5110 says that no discharge shall be granted to a bankrupt if he has willfully sworn falsely in his affidavit annexed to his schedule or inventory; showing, conclusively, that this verification is an affidavit, which is the only point on which a doubt occurs to me. Petition denied.